**Walter SPEARS and Connie Spears, Individually and as Next Friends of Michael Spears, Appellants,**

v.

**Darrell J. COFFEE and Jennifer K. Coffee, Appellees.**

**No. 04–04–00370–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 10, 2004.

From the 57th Judicial District Court, Bexar County, Texas, Trial Court No. 2004–CI–06411, Karen Pozza, Judge Presiding.[1]

Nelda J. Ortiz, Law Office of Nelda J. Ortiz, P.C., San Antonio, for appellants.

Christopher "Kipper" Burke, Miller & Burke, P.C., San Antonio, for appellees.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

The underlying negligence lawsuit was brought by Walter and Connie Spears, individually and as next friends of their son, Michael Spears, for injuries suffered by Michael in the home of Darrell and Jennifer Coffee. Michael was injured when he was assaulted by another teenager, Billy Corke, who was also present at the Coffee's home.

During the Summer of 2000, Michael Spears, the Coffees' daughter Katherine, and a mutual friend Billy Corke, all spent time together at the Coffees' home along with other teenagers. On September 6, 2000, all three minors were present in the Coffee house, when Billy struck Michael in the face. At the time of the altercation, Mrs. Coffee was in her front yard and Mr. Coffee was out of town. After the alterca-

tion, the Spears called the police, and Billy was arrested and later convicted of criminal assault on Michael. The Spears sued Billy, Billy's parents, and the Coffees, alleging negligence and other claims. The Coffees moved for summary judgment on the grounds that they owed no duty to Michael and, even if they did, Billy's intervening criminal conduct was a superseding cause of Michael's injuries. The trial court granted the summary judgment without stating its grounds. The Spears' claims against the Coffees were severed into a separate cause, and the trial court rendered a take-nothing judgment in favor of the Coffees. On appeal, the Spears argue that the trial court erred because the Coffees owed Michael a general duty actionable in negligence and a specific duty as owners and occupiers of the property on which Michael was injured. We agree with the Coffees that Billy's criminal conduct was a superseding cause; therefore, we affirm.

## INTERVENING CAUSE

The Spears assert the Coffees owed Michael a duty to protect him from a foreseeable risk of injury, and that they breached this duty by failing to adequately supervise Billy and the other teenagers who were present in their home. Alternatively, they argue that because the Coffees were aware of Billy's behavioral problems and violent tendencies, they created a dangerous situation by allowing Billy in their home, unsupervised, and did nothing to prevent injury to Michael. Therefore, according to the Spears, the Coffees owed Michael a duty as premises owners.

1. The Honorable Pat Boone is the presiding judge of the 57th Judicial District Court, Bexar County, Texas. However, the Honorable David Peeples, presiding judge of the 224th Judicial District Court, Bexar County, Texas, heard and signed the summary judgment that is at issue in this appeal. The Honorable Karen Pozza, presiding judge of the 407th Judicial District Court, Bexar County, Texas, signed the final judgment.

■ The elements of a negligence case are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex. 1995); *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 549–50 (Tex.1985). We will assume, without deciding, that the Coffees had a duty to supervise the teenagers while they were present at the Coffee house. *See e.g., Doe v. Franklin,* 930 S.W.2d 921, 928 n. 4 (Tex.App.-El Paso 1996, no writ) ("It may be reasonably inferred that when a young child is *left alone* with an adult, that adult is assuming the position of care giver." (emphasis in original)). However, we conclude the Spears did not raise a fact issue on proximate cause sufficient to defeat the Coffees' entitlement to summary judgment as a matter of law.

■ The components of proximate cause are cause in fact and foreseeability. *Doe,* 907 S.W.2d at 477. Cause in fact means the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe,* 907 S.W.2d at 478. Generally, third-party criminal conduct is a superseding cause unless the criminal conduct is a foreseeable result of such negligence. *See Nixon,* 690 S.W.2d at 550; *see also Phan Son Van v. Pena,* 990 S.W.2d 751, 753 (Tex.1999). Whether criminal activity was foreseeable in a particular instance requires "more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Doe,* 907 S.W.2d at 478.

■ Courts consider the following factors in determining whether an intervening force rises to the level of a superseding cause:

(a) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person that is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person that sets the intervening force in motion.

*See Pena,* 990 S.W.2d at 754 (citations omitted). "Thus, to be a superseding cause, the intervening force must not be ordinarily or reasonably foreseeable." *Id.* When a defendant presents evidence that the plaintiff's injuries resulted from intervening criminal conduct that rises to the level of a superseding cause, the defendant has negated the ordinary foreseeability element of proximate cause. *Id.* The burden then shifts to the plaintiff to raise a fact issue by presenting controverting evidence that the criminal conduct was foreseeable. *Id.*

Here, the undisputed evidence establishes that both Michael and Billy were

present together as frequent guests in the Coffee home before the incident. Throughout the Summer of 2000, the two boys, Katherine Coffee, and other teenagers would watch television, play pool in the Coffees' garage, and swim and play water games in the Coffees' swimming pool. Billy had an open invitation to come to the Coffee house, and was there three to five times a week. Prior to the incident, Billy always was well-behaved, with the exception of one incident. Mrs. Coffee said Billy admitted to writing something on her table. The Spears characterize this as "carving" the word "wicked" into the table. Mrs. Coffee said Billy did not "carve" anything on the table, instead he wrote something (which she did not read) in pencil, and when she asked him to clean it off with a household cleaner, he did. The Spears admitted that, prior to the incident, Michael and Billy had not been involved in any physical confrontation. Mrs. Coffee stated that nothing like this incident had ever before occurred in her home.

On the day of the incident, Billy arrived at the Coffee home where he spoke to both Mrs. Coffee and Katherine. Mrs. Coffee described Billy's demeanor as "just fine." In her witness statement following the incident, Katherine described Billy as "a little upset when he first arrived about an hour earlier ... because his girlfriend ... had been sort of taunting him for about a week." In her deposition, Katherine described Billy before the incident as "passive," and on the day of the incident, she said he appeared "aggravated" when he first arrived at her house but he "got fine" within a few minutes. Mrs. Coffee and Katherine admitted the teenagers would play "chicken" in the swimming pool, which involved one child on the shoulder of another and each pair attempting to knock the other pair over.

The facts reflected in the Coffees' summary judgment proof conclusively established that Billy's intentional criminal act was a superseding cause of Michael's injuries. *See Pena*, 990 S.W.2d at 755 (and cases cited therein) (while proximate cause is usually a fact issue, it is an issue of law when the facts are conclusive). First, the harm inflicted by Billy was different in kind from that generally contemplated by the Coffees when the teenagers were present in their home. It is foreseeable, for example, that teenagers will engage in "horseplay" and "roughhousing," and injuries may ensue. On the other hand, the intentional assault on Michael is not the type of harm that would ordinarily result from such teenage activities as watching television, playing pool, or playing water games in a swimming pool. The act committed by Billy was an "extraordinary" rather than "normal" consequence of teenage "horseplay" and "roughhousing." *See Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 385 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (noting that small scuffles at softball park after participants consumed alcohol may be foreseeable, but the "ferocity of this fight and the severity of [plaintiff's] injuries were extraordinary" and not foreseeable as a matter of law); *Yarborough v. Erway*, 705 S.W.2d 198, 203–04 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding that third party's sudden violent criminal acts were an unforeseeable consequence of a bar's alleged negligence in serving the intoxicated assailant).

Having established that Billy's wrongful actions and the harm he inflicted were extraordinary in nature and not of the type generally contemplated by the duty to supervise teenagers in one's home, the Coffees satisfied the first three factors considered by the *Pena* Court. The remaining factors, which focus on the intervener's wrongful conduct and degree of culpability,

support the conclusion that Billy's acts were a superseding cause of Michael's injuries because Billy's acts were clearly wrongful and he was found criminally liable. Therefore, we conclude the Coffees met their summary judgment burden to establish that Billy's criminal act was not foreseeable and was a superseding cause of Michael's injuries. By establishing superseding cause, the Coffees also negated the ordinary foreseeability element of proximate cause. *See Pena,* 990 S.W.2d at 756. Once this element was negated, the Spears could defeat the motion for summary judgment only by presenting evidence that, despite the "extraordinary" and "abnormal" nature of the intervening force, there was some indication at the time of the assault that such a crime would be committed.

In support of their response to the Coffees' motion for summary judgment, the Spears offered Mrs. Spears's affidavit in which she said Mrs. Coffee told her, before the incident, that "roughhousing" and "serious" horseplay" occurred amongst some of the teenagers who gathered at the Coffee house. Mrs. Spears claimed that when she heard this, she "warned Mrs. Coffee of Billy Corke's tendency toward angry outbursts and propensity for violence." Mrs. Spears did not identify the other teenagers or provide any specific details about their activities, and she gave no details about Billy's alleged behavior. The Spears also relied on the knowledge of other teenagers about Billy. Katherine was aware Billy attended an alternative school, and both Michael and Billy's former girlfriend were aware of other behavioral incidents involving Billy at school. However, no evidence was presented that Mr. and Mrs. Coffee were aware of these specific incidents prior to the confrontation at their home.

Even viewing all evidence favorable to the Spears as true and indulging every reasonable inference in their favor, this evidence is probative only of Billy's behavior at school. The Spears presented no evidence that Billy acted in a disruptive or violent manner while at the Coffees' home, nor did they raise any genuine fact issue that the Coffees should have foreseen the events that occurred that day in their home. Consequently, the trial court correctly granted summary judgment. *See Walker v. Harris,* 924 S.W.2d 375, 377–78 (Tex.1996) (affirming summary judgment for defendant when plaintiff failed to bring forth any evidence raising a fact issue on foreseeability of criminal conduct).

## CONCLUSION

We overrule the Spears's issues on appeal, and affirm the trial court's judgment.