In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-297 CV


____________________



RYNE COHEN, Appellant



VS.



NORBERT HOOSE, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-173,474-B






MEMORANDUM OPINION


 At a social gathering, a minor struck Ryne Cohen and broke Cohen's jaw. The
offender was prosecuted and placed on juvenile probation. Cohen filed a personal injury suit
against the minor, the minor's father Norbert Hoose, the hosts of the event and its sponsoring
organization, Young Life. (1) The trial court granted Hoose's motion for summary judgment
and entered a take-nothing judgment on Cohen's claims against Hoose. Cohen appealed after
the trial court severed Cohen's claims against Hoose from the remaining claims. Cohen
contends Hoose was negligent in failing to supervise his son, failing to warn others of his
son's propensity for violence, and in failing to exercise reasonable parental controls over his
son. We affirm.

 To prevail on a traditional summary-judgment motion, a movant must
show that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim. Elliott-Williams Co. v. Diaz, 9
S.W.3d 801, 803 (Tex.1999). When reviewing a summary judgment, we take
as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. 
Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997); 
Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex.1996).

 To prevail on a no-evidence summary-judgment motion, a movant must
allege that there is no evidence of an essential element of the adverse party's
claim. Tex. R. Civ. P. 166a(I). Although the nonmoving party is not required
to marshal its proof, it must present evidence that raises a genuine fact issue
on the challenged elements. See Tex. R. Civ. P. 166a, notes and cmts.


Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 


 Hoose's combined traditional and no-evidence motion for summary judgment
presented three grounds for judgment as a matter of law: (1) duty; (2) proximate cause; and
(3) settlement. Hoose contends at trial and on appeal, that his son's violent behavior was not
foreseeable as a matter of law. Cohen contends the summary judgment evidence raised a fact
issue on foreseeability. (2) 

 To impose civil liability on a parent for a child's intentional tort, the plaintiff must
prove the injury to the third party was reasonably foreseeable under the circumstances "as
evidenced by the parent's knowledge, consent, sanction, or participation in the child's
activities." Rodriguez v. Spencer, 902 S.W.2d 37, 43 (Tex. App.--Houston [1st Dist.] 1995,
no writ). There is nothing foreseeably dangerous about attending a Young Life crawfish
boil; therefore, the issue in this appeal is whether Hoose was aware or should have been
aware of: (1) a specific danger to Cohen; or (2) that his son's violent propensities required
that Hoose either prevent his son from attending an innocuous social event or warn the hosts
of the danger his son presented to the other attendees. (3) See Isbell v. Ryan, 983 S.W.2d 335,
339 (Tex. App.--Houston [14th Dist.] 1998, no pet.)(parental duty to prevent or warn of
danger of foreseeable criminal act). 

 In his deposition, the son claimed no one was aware of his ill feelings toward Cohen,
and Cohen produced no summary judgment evidence that Hoose knew he existed. Cohen
does not argue that Hoose should have warned him personally, but Cohen argues Hoose had
a general duty to warn others because he had knowledge of his son's propensity for violence.
According to Cohen, the summary judgment evidence creating a fact issue on Hoose's
knowledge includes the following: (1) the son showed little emotion after the assault,
indicating he was accustomed to such conduct; (2) Hoose told his son to stay home while
Hoose went to see Cohen at the hospital, which Cohen argues indicates Hoose may have been
expecting such behavior; (3) the son pleaded guilty to assaulting Cohen, which Cohen argues
indicates Hoose was aware of his son's violent tendencies; (4) Hoose grounded his son for
one month after being involved in a fight at school during the son's high school freshman
year, which Cohen contends is sufficient to create a jury issue on the foreseeability of the
assault on Cohen; and (5) the son's high school disciplinary record showed 48 infractions,
which Cohen argues demonstrated Hoose was aware his son was a troublemaker. 

 Obviously, events occurring after the assault could not have created a prior
anticipation of danger. The seven-year school disciplinary record consists primarily of
infractions labeled "excessive tardies." In addition to the twenty-one reports of reporting
late to class, five infractions involved dress code violations, three were for not showing
identification, and three were for skipping detention. Of the remaining sixteen violations,
thirteen were for disruptive behavior or for code of conduct violations that did not result in
a suspension. Of the remaining three, one, for "improper sexual conduct," resulted in a
minor punishment. Only two infractions resulted in a suspension: a "classroom disruption"
on January 18, 2002, that resulted in a two-day suspension, and a "fighting/mutual combat"
infraction on February 20, 2002, that resulted in a three day suspension. In the deposition
excerpt attached to Cohen's response to the motion for summary judgment, Hoose claimed
the disruption infraction occurred when his son was in a line to board a ROTC bus to watch
a video; the son did not leave the line when instructed by a teacher. The infraction for
fighting was evidently the freshman year fight for which Hoose grounded his son. In the
deposition excerpt attached to Cohen's response, Hoose claimed his son was found to have
been defending himself and did not throw the first punch. That one fight is the only summary
judgment evidence of violent conduct of the son other than the assault on Cohen. The young
woman who supplied the nexus between Hoose's son and Cohen testified that she was aware
that another student had told the son a falsehood relating to conduct between her and Cohen,
and she knew the son was upset, but that she did not have any reason to expect that the son
was going to hit Cohen until it happened. 

 Cohen contends Hoose's knowledge of a single prior incident of violence and Hoose's 
knowledge of non-violent behavioral issues create a fact issue on whether the son's
subsequent assaultive behavior was foreseeable by Hoose. Cohen contends Isbell v. Ryan
supports his argument that a single prior incident places a parent on notice that their child has
a propensity for dangerous conduct. See Isbell v. Ryan, 983 S.W.2d at 341. In Isbell, a
Department investigation found "reason to believe," but took no further action on a
complaint of child sexual abuse against the defendant's son when the son began his summer
visitation with the non-custodial parent. Id. at 337. The custodial parent possessing
knowledge of the investigation did not warn the non-custodial parent and the son sexually
assaulted children in the non-custodial parent's household. Id. In weighing the risk involved
against the social utility of the parent's conduct, the court held the defendant could
reasonably anticipate the danger of allowing the son to go to his other parent's home without
warning the other parent of the possibility of danger to the other children living in the
household. Id. at 341. That case involved warning the other parent of a potential danger
based upon an official investigation of sexual assault of a minor. 

 In Sanders v. Herold the appellate court held a juvenile's parents did not have a duty
to warn family friends that their son might pose a danger to children with whom he was left
unsupervised, although they were aware that another one of their children had been sexually
abused by a third party and were aware that the juvenile enjoyed pornography, exhibited
disturbing voyeurism as a young child and preferred the company of young children. 
Sanders v. Herold, 217 S.W.3d 11, 17-18 (Tex. App.--Houston [1st Dist.] 2006, no pet.). 
Although the juvenile exhibited highly aberrant conduct, the prior acts of which the parents
had knowledge did not evidence an awareness of dangerous tendencies creating an
anticipation of danger and concomitant duty to warn. Id. at 19. 

 In Rodriguez v. Spencer, the parent had told her son not to associate with one of the
persons with whom the juvenile later committed a hate crime that resulted in civil litigation
against the parent; although that person testified he continued to visit the parent's house, that
action did not create an anticipation of the hate crime the juvenile and his friend eventually
committed. Rodriguez, 902 S.W.2d at 45. 

 The appellate court considered a negligent supervision and failure to warn claim in
a case where a juvenile killed his uncle. Nguyen v. Nguyen, No. 14-05-00518-CV, 2006 WL
2827305 (Tex. App.--Houston [14th Dist.] Oct. 5, 2006, no pet.)(mem. op.). Although the
parent knew the son had previously threatened the uncle's life, the son did not have a weapon
when he made the threat and no one believed he would follow through on the threat. Id. at
*4-5. Given the lack of a prior history of similar violence and no prior similar history of
following through on threats, the appellate court held the parent could not reasonably foresee
the child would commit murder. Id. at *5. 

 Two cases illustrate the effect of knowledge of prior combativeness in the context of
warning others or protecting others from danger, although both involve non-parent social
hosts. In Spears v. Coffee, one minor visiting a friend assaulted another minor, who sued the
homeowners for negligently supervising the teenagers in their house. Spears v. Coffee, 153
S.W.3d 103, 105 (Tex. App.--San Antonio 2004, no pet.). The injured teenager offered
summary judgment evidence that the homeowner admitted to witnessing roughhousing and
serious horseplay among the teenagers and in response had been warned of the juvenile's
tendency towards angry outbursts and propensity for violence. Id. at 108. The appellate
court held that absent some indication at the time of the assault that such a crime would be
committed, the homeowners negated the element of foreseeability. Id. In McArdle v.
Stahl, the nineteen-year-old host was sued after one guest killed another at a party given
while the homeowner was out of town. McArdle v. Stahl, No. 03-04-00817-CV, 2006 WL
1648988, at *1 (Tex. App.--Austin June 15, 2006, no pet.). Because the host had
experienced an incident in which the killer blackened someone's eye in an over-reaction to
a misunderstanding, the plaintiffs argued the host should have anticipated the danger when
the two young men agreed to "trade licks." Id. at *2. Because there was no evidence that
the defendant had reason to anticipate any escalation of the killer's temper to a deadly level,
the criminal assault was not foreseeable. Id. at *5. 

 Cohen contends the freshman year fight supplies the sort of prior history of similar
violence that would make the assault on Cohen foreseeable. There is no summary judgment
evidence that the fight that triggered a three-day suspension resulted in serious bodily injury. 
A single incident of mutual combat fifteen months earlier does not create a perpetual
anticipation of unprovoked violence. There is no summary judgment evidence that Hoose
was aware that his son was upset by a rumor about his former girlfriend, or that Hoose was
aware that his son had engaged in combative speech or had recently experienced any level
of conflict with anyone. Even the young woman who was present at the time and possessed
an actual awareness of the potential for animosity between the two young men did not
anticipate the son's violent reaction to seeing Cohen. Taking as true all of the evidence
favorable to the nonmovant and making all reasonable inferences and resolving all doubts
in the nonmovant's favor, we hold there are no genuine issues of material fact that Hoose
knew or through the exercise of reasonable care should have reasonably anticipated that his
son posed a danger to others. The trial court did not err in granting summary judgment. The
judgment is affirmed.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice

Submitted on May 3, 2007

Opinion Delivered October 18, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.

1. In subsequent pleadings Cohen dropped his allegations against the sponsoring
organization and the hosts. In his brief, Cohen states that the trial court granted the
motions for summary judgment filed by these parties. Those claims may have been
severed but the severance does not appear in this record. 
2. The parties analyze foreseeability under a duty issue, as do many of the cases
they cite. See, e.g., Rodriguez v. Spencer, 902 S.W.2d 37 (Tex. App.--Houston [1st Dist.]
1995, no writ). Foreseeability is a factor considered by courts in applying a risk-utility
test to determine whether a common-law duty exists. See Smith-Kline Beecham Comp. v.
Doe, 903 S.W.2d 347, 353 (Tex. 1995). In cases, as here, "in which a duty exists as a
matter of law because of a special relationship between the parties," "the duty analysis
ends there." Golden Spread Council, Inc. v. Akins, 926 S.W.2d 287, 292 (Tex. 1996). 
Where a duty exists, foreseeability is addressed as a component of proximate cause. See
generally, Doe v. Boys Club of Greater Dallas, 907 S.W.2d 472 (Tex. 1995).
3. Cohen was not a Young Life member and did not attend the crawfish boil. 
When Cohen arrived outside to meet a young woman who had previously dated Hoose's
son, the son crossed the street and punched Cohen.