

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00506-CV

**TEXAS MUTUAL INSURANCE CO.**,
Appellant

v.

**CLARENCE DAILEY ELECTRIC, INC.**,
Appellee

From the 78th District Court, Wichita County, Texas
Trial Court No. 174,534-B-2
Honorable W. Bernard Fudge, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 30, 2013

AFFIRMED

Texas Mutual Insurance Company appeals the trial court's summary judgment in favor of

Clarence Dailey Electric, Inc.  On appeal, Texas Mutual argues the trial court erred in granting

Dailey Electric's motion for summary judgment because it raised fact issues as to Dailey Electric's

common-law duty, breach of that duty, and proximate cause of the damages paid by Texas Mutual

pursuant to a workers' compensation policy.  We affirm the trial court's judgment.

**BACKGROUND**

This case arises out of a construction site accident at a gymnasium remodeling project at Cunningham Elementary in Wichita Falls, Texas. Electra Construction Company, Inc., the general contractor, hired Dailey Electric as the electrical subcontractor for the project. Additional subcontractors included Luz Lerma Construction, Inc. and Double Diamond Contractors, Inc. (concrete) and R.L. Tate Painting (painting).

As part of the remodeling phase, Electra's employees created ground holes, approximately sixteen inches in diameter, for the insertion of volleyball pole sleeves. Based on safety concerns, the holes were filled with dirt and kept covered.

To perform its electrical work inside the gymnasium, Dailey Electric used one of its motorized scissor-lifts. The lift was left inside the gymnasium at all times. Other subcontractors were not allowed to use the lift without Dailey Electric's authorization.

On a day when Dailey Electric was not working at the project, Cam E. Beasley, a Tate Painting employee, used the lift to paint vents on the gymnasium ceiling. Beasley testified that "the keys were left in the scissor-lift and that the lift itself was in an operable position for all to use on the jobsite." All parties agree the scissor-lift was not owned by either Beasley or his employer, and that Dailey Electric did not give Beasley express permission to operate the scissor-lift on the day in question or at any other time during work at the gymnasium project. It is also uncontested that no employees from Dailey Electric were on the premises at the time and that Beasley acted without Dailey Electric's permission or knowledge.

Unfortunately, shortly before Beasley's accident, the holes in question were uncovered by an Electra employee for cleaning in preparation for delivery of volleyball and basketball equipment. While using the scissor-lift, Beasley maneuvered the lift so that one of its wheels

accidently dropped into an uncovered hole. The lift tilted, fell over, and Beasley was seriously injured.

## PROCEDURAL HISTORY

Beasley sued Electra, Luz Lerma, Double Diamond, and Dailey Electric. His petition, as to Dailey Electric, alleged

> that the scissor-lift being operated by Plaintiff, Cam E. Beasley, was owned by Clarence Dailey, Incorporated. Plaintiffs have reason to believe, and therefore allege, Clarence Dailey Electric, Incorporated failed to properly secure and/or instruct other subcontractors including Plaintiff, Cam E. Beasley, concerning the use of the scissor-lift. Plaintiffs will show that the keys were left in the scissor-lift and that the lift itself was in an operable position for all to use on the jobsite.

Texas Mutual, Tate Painting's workers' compensation carrier, intervened in the lawsuit to protect its subrogation interests. In its petition in intervention, Texas Mutual adopted "all allegations of negligence against the Defendants in Plaintiff's Original Petition (and all amendments and supplements to such pleading) on file herein." Texas Mutual further asserted Beasley's injuries were "proximately caused by the negligence of the Defendants."

Dailey Electric filed a no-evidence and traditional motion for summary judgment regarding all claims asserted by Beasley. Beasley did not file a response to Dailey Electric's motion, but instead notified the court he was not contesting the summary judgment. Texas Mutual immediately filed a response to protect its subrogation interests.

The trial court granted Dailey Electric's motion for summary judgment "in all respects" finding, "There is no factual or legal basis for the submission of Clarence Dailey Electric, Inc.'s negligence to a jury in this cause and the Court finds that no act or omission of Clarence Dailey Electric, Inc. proximately caused the Plaintiff's damages." The court then severed all claims asserted against Dailey Electric and ordered the summary judgment final and appealable.

On appeal, Texas Mutual contends Dailey Electric's no-evidence motion for summary judgment on Beasley's negligence claim is legally insufficient because Dailey Electric's arguments are conclusory and erroneously assumes Beasley's use of the scissor-lift was unauthorized. Texas Mutual alternatively asserts that it raised fact issues as to Dailey Electric's duty to secure its scissor-lift, its duty to warn others against its use, and its breach of that duty. Texas Mutual also argues it raised fact issues regarding the proximate cause of Beasley's injuries.

### STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Vela v. GRC Land Holdings, Ltd.*, 383 S.W.3d 248, 250 (Tex. App.—San Antonio 2012, no pet.) (mem. op.); *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 162 (Tex. App.—Dallas 2011, no pet.). The movant in a traditional summary judgment has the burden to show "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.). In our review of a traditional motion for summary judgment, we "must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam); *accord Romo*, 48 S.W.3d at 269.

In reviewing the granting of a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). The nonmovant in a no-evidence motion for summary judgment has the burden to raise a genuine issue of material fact by producing more than a scintilla of probative evidence. *See id.* at 751; *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). If the nonmovant fails to meet its burden, no-evidence summary

judgment is proper. *See King Ranch, Inc.*, 118 S.W.3d at 751; *Moore*, 981 S.W.2d at 269. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc.*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)); *Moore*, 981 S.W.2d at 269. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred*, 650 S.W.2d at 63; *accord Moore*, 981 S.W.2d at 269. "[T]he evidence must be viewed in the light most favorable to the non-movant." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *accord Moore*, 981 S.W.2d at 269.

"When the motion for summary judgment present[s] both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of rule 166a(i)." *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied); *see Ridgway*, 135 S.W.3d at 600. If the nonmovant fails to meet its burden under the no-evidence summary judgment, we need not analyze the traditional summary judgment. *See Ridgway*, 135 S.W.3d at 600; *Kalyanaram*, 230 S.W.3d at 925.

Rule 166a(i) requires a motion for summary judgment to "state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *see Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g.); *Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 722–24 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Additionally, the motion "is legally insufficient as a matter of law if it is not specific in challenging a particular element or is conclusory." *Sanchez v. Mulvaney*, 274 S.W.3d 708, 710 (Tex. App.—San Antonio 2008, no pet.); *accord Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied); *see also Baker v. Gregg Cnty.*, 33 S.W.3d 72, 77 (Tex. App.—Texarkana 2000, pet. dism'd); *Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 892 (Tex. App.—El Paso 1999, no

pet.). When the motion gives notice of the matters on which a nonmovant must produce some evidence, the motion is legally sufficient. *See Dodd v. City of Beverly Hills*, 78 S.W.3d 509, 513 (Tex. App.—Waco 2002, pet. denied). "[Rule 166a(i)] does not, however, require that the motion specifically attack the 'evidentiary components that may prove an element of the cause of action.'" *Dominguez v. Payne*, 112 S.W.3d 866, 868 (Tex. App.—Corpus Christi 2003, no pet.) (quoting *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 497–98 (Tex. App.—Texarkana 1998, orig. proceeding)). A party may challenge a legally insufficient no-evidence motion for summary judgment for the first time on appeal. *Callaghan Ranch*, 53 S.W.3d at 3.

## LEGAL SUFFICIENCY OF DAILEY ELECTRIC'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In its first point of error, Texas Mutual asserts that Dailey Electric's no-evidence motion for summary judgment was legally insufficient because it contained only conclusory arguments and erroneously assumed that Beasley's use of the lift was unauthorized. Texas Mutual points to the following excerpt from Dailey Electric's no-evidence motion for summary judgment as legally insufficient:

> [Beasley] has produced no evidence that Dailey owed [Beasley] a legal duty to prevent [Beasley]'s unauthorized use of the scissor lift, no evidence Dailey had a duty to train or instruct [Beasley] on use of the scissor lift, no evidence that Dailey breached any duty owed to [Beasley], and no evidence that any breach of duty by Dailey proximately caused [Beasley]'s damages.

We note this language tracks Beasley's petition adopted by Texas Mutual. Moreover, in addition to this general statement, Dailey Electric's motion goes on to specifically challenge each negligence element for which it contends there was no evidence. *See Sanchez*, 274 S.W.3d at 710; *Baker*, 33 S.W.3d at 77; *Abraham*, 995 S.W.2d at 892.

Viewing Dailey Electric's no-evidence motion de novo and in the light most favorable to Texas Mutual, *see Ridgway*, 135 S.W.3d at 601; *Moore*, 981 S.W.2d at 269, we nevertheless

conclude that the language that Texas Mutual complains of is not the type of general or conclusory assertion that is legally insufficient, *see Killam*, 53 S.W.3d at 3; *Abraham*, 995 S.W.2d at 892; *see also Dodd*, 78 S.W.3d at 513. Dailey Electric's motion states the essential elements that are lacking (i.e., duty, breach, and causation) as required by Texas Rule of Civil Procedure 166a(i), and thus gave Texas Mutual sufficient notice as to what elements of the negligence claim on which Texas Mutual must produce some evidence. *See* TEX. R. CIV. P. 166a(i); *Baker*, 33 S.W.3d at 77. Therefore, we conclude that Dailey Electric's no-evidence motion was legally sufficient; we overrule Texas Mutual's first issue.

Because we conclude the summary judgment motion was sufficient, we next address whether the evidence was sufficient to support the trial court's judgment with regard to negligence and premises liability.

## NEGLIGENCE AND PREMISES LIABILITY

The parties disagree as to the characterization of Beasley's claims. Texas Mutual contends this case should be analyzed under a general negligence theory, rather than a premises liability theory, and asserts that the evidence raised a fact issue on each element of the negligence claim. Alternatively, it argues that if this court views Beasley's allegations as including a cause of action for premises liability, fact issues still exist. Dailey Electric, on the other hand, argues that this case "*should* be focused upon the physical condition of the floor and the associated responsibilities with the alleged defect in the gymnasium floor," and that Beasley and Texas Mutual "were attempting to avoid clear disposition of the appropriate cause of action (premises liability) through artful pleadings."

Negligence and premises liability involve closely related, but distinct, duty analyses. Because Dailey Electric moved for summary judgment on the issues of negligence and premises liability, we address each issue separately.

## A. Negligence

Dailey Electric's no-evidence motion asserted Beasley failed to produce evidence that (1) Dailey Electric owed Beasley a legal duty, or (2) any alleged breach proximately caused Beasley's damages. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) (reciting the elements of negligence as "a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach"); *accord Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Spears v. Coffee*, 153 S.W.3d 103, 106 (Tex. App.—San Antonio 2004, no pet.). To survive Dailey Electric's no-evidence motion for summary judgment, Texas Mutual had to produce more than a scintilla of evidence raising a genuine issue of material fact on each challenged element of negligence. *See King Ranch, Inc.*, 118 S.W.3d at 750–51; *Moore*, 981 S.W.2d at 269.

Texas Mutual's arguments focus primarily on proximate cause. "Proximate cause cannot be established by mere guess or conjecture, but rather must be proved by evidence of probative force." *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980); *accord Escamilla v. Garcia*, 653 S.W.2d 58, 62 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). Proximate cause consists of two elements: (1) foreseeability and (2) cause in fact. *See Nixon*, 690 S.W.2d at 549; *Spears*, 153 S.W.3d at 106. We first address cause in fact.

### 1. Cause In Fact

Texas Mutual argues that cause in fact exists because Beasley would not have been able to use the lift if it had been properly secured and, consequently, would not have been injured when the lift fell over. "Cause in fact denotes that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred." *Nixon*, 690 S.W.2d at 549; *accord Spears*, 153 S.W.3d at 106. "More than one act may be the proximate cause of the same injury." *Lee Lewis Constr.*, 70 S.W.3d at 784.

> Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. . . . The evidence must go further, and show that such negligence[, if any,] was the proximate, and not the remote, cause of the resulting injuries. . . . [and] justify the conclusion that such injury was the natural and probable result thereof. In other words, even if the injury would not have happened *but for* the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause.

*Doe*, 907 S.W.2d at 477 (third and fourth alterations in original) (emphasis added) (citations and internal quotation marks omitted). In other words, the defendant's alleged negligent conduct may be "too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *IHS Cedars Treatment Ctr. of DeSoto, Tex. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004); *see also Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (determining that an allegedly malfunctioning flashing arrow sign was not a cause in fact of the injuries sustained by a state highway employee who had disembarked from his truck towing the sign and was hit by a van whose driver had fallen asleep); *Bell v. Campbell*, 434 S.W.2d 117, 118–19 (Tex. 1968) (deciding that a driver's actions in a first accident were not a cause in fact of the plaintiff's injuries he sustained when hit by a different car while he was removing roadway debris from the first accident).

### 2. Remoteness

Here, the uncontroverted evidence shows the scissor-lift did not malfunction. Texas Mutual argues that but for Dailey Electric's negligent act of leaving the keys in the scissor-lift, Beasley's injuries would not have occurred. Texas Mutual describes the "condition that caused the injury" as an unsecured scissor-lift. Yet, the sole defect alleged in the petition is the condition of the premises, the sixteen-inch hole, not any malfunction of the scissor-lift. The evidence supports the allegation that the condition that caused the injury was the uncovered hole. There is no evidence that Beasley was injured while using the scissor-lift until he drove it into the uncovered

hole. Leaving the keys in the ignition was too remotely connected to the injuries Beasley sustained after driving the lift into a hole in the gym floor to be the cause in fact of his injuries. *See IHS Cedars*, 143 S.W.3d at 799; *Doe*, 907 S.W.2d at 477; *Lear Siegler*, 819 S.W.2d at 472; *Bell*, 434 S.W.2d at 118–19. Because Dailey Electric conclusively negated the cause in fact component of proximate cause, we do not address foreseeability. We conclude that the trial court's grant of summary judgment in favor of Dailey Electric on Beasley's negligence claim was proper.

## B. Premises Liability

In Dailey Electric's motion for summary judgment, it contended that Beasley produced no evidence on several essential elements of his premises liability claim.

Dailey Electric asserted, *inter alia*, that Beasley produced no evidence that it owned or controlled the premises in question, that Dailey Electric breached any duty it may have had to Beasley, or that any breach was the proximate cause of Beasley's injuries and thus Daily Electric was entitled to judgment on its no-evidence motion. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983) (premises liability claim elements); *Price Drilling Co. v. Zertuche*, 147 S.W.3d 483, 486–87 (Tex. App.—San Antonio 2004, no pet.) (control of premises). Texas Mutual's response acknowledges that Beasley "alleges a cause of action against Dailey Electric for Premises Liability." However, Texas Mutual's response failed to produce any summary judgment proof on the challenged elements of premises liability including ownership and control. *See Price Drilling*, 147 S.W.3d at 486–87.

Because Texas Mutual failed to produce summary judgment proof that raised a genuine issue of material fact on one or more of the challenged essential elements of Beasley's premises liability claim, Dailey Electric was entitled to judgment on its no-evidence motion. *See King Ranch, Inc.*, 118 S.W.3d at 751; *Moore*, 981 S.W.2d at 269; *see also* TEX. R. CIV. P. 166a(i).

## CONCLUSION

After reviewing the evidence de novo, we conclude that Texas Mutual failed to meet its burden to raise a genuine issue of material fact on at least one element of Beasley's negligence cause of action—the cause in fact component of proximate cause. Therefore, the trial court did not err in granting Dailey Electric's no-evidence summary judgment motion as to negligence. Further, because Texas Mutual's response to Dailey Electric's no-evidence motion failed to raise a genuine issue of material fact on any challenged essential element of premises liability, the trial court's no-evidence summary judgment as to premises liability was proper.

Because Texas Mutual failed to meet its no-evidence burden, we need not analyze Dailey Electric's motion for traditional summary judgment. *See Ridgway*, 135 S.W.3d at 600. The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice