Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

# OPINION

No. 04-07-00806-CV

Henry **SANCHEZ**, Jr. and Josefina Sanchez,
Appellants

v.

Ryan **MULVANEY** d/b/a Freestone Equipment Co.
and Hypersonic Construction, LLC,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 06-07-13594-CV
Honorable Richard Terrell, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   August 6, 2008

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

This is an appeal from the trial court's summary judgment rendered in favor of appellees.

We affirm in part and reverse in part and remand.

## BACKGROUND

Appellants, Henry Sanchez, Jr. and Josefina Sanchez, are the co-owners of real property on

which they intended to construct a Sonic Drive-in restaurant. The Sanchezes hired appellee

Hypersonic Construction, LLC ("Hypersonic") as the general contractor. Appellee, Ryan Mulvaney,

was one of the member-owners of Hypersonic. Ryan Mulvaney d/b/a Freestone Equipment Co. ("Mulvaney") was also one of the subcontractors on the project. Alamo Concrete Products, Ltd. ("Alamo") supplied the concrete. At some point during construction, Alamo was not paid for all the concrete it supplied to the project, and it filed a mechanic's and materialman's lien encumbering the Sanchezes' property. To avoid foreclosure and obtain permanent financing for the project, the Sanchezes paid Alamo the amount owed, plus attorney's fees and interest.

The Sanchezes then sued Hypersonic; Ryan Mulvaney individually, in his capacity as an owner of Hypersonic, and in his capacity as owner/operator of Freestone Equipment Co.; and four other individuals who were either owners or managers of Hypersonic on the following causes of action: violation of the Construction Trust Fund Act, DTPA violations, breach of contract, conversion, and common law contribution and equitable subrogation. In their petition, the Sanchezes asserted they paid to Hypersonic sufficient funds earmarked for payment to Alamo, but that neither Hypersonic nor Mulvaney ensured that the money was tendered to Alamo. The Sanchezes sought reimbursement for the monies paid by them to Alamo.

During mediation, the Sanchezes settled their claims against the four other individuals. Also, by this time, Hypersonic was defunct and insolvent. Eventually, the trial court rendered summary judgment in favor of Mulvaney on all of the Sanchezes' claims, and this appeal ensued.

## MULVANEY'S MOTION FOR SUMMARY JUDGMENT

As a preliminary matter, we first address the parties' disagreement over the type of summary judgment sought by Mulvaney and the grounds on which he sought summary judgment. Mulvaney's motion states he sought both a traditional and no-evidence summary judgment. However, we determine the standard of proof on a summary judgment motion after considering the substance of

the motion, rather than categorizing the motion strictly by its form or title. *See Rodgers v. Weatherspoon,* 141 S.W.3d 342, 344 (Tex. App.—Dallas 2004, no pet.).

A motion for summary judgment must state the specific grounds upon which judgment is sought. *See* TEX. R. CIV. P. 166a(c). Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). On the other hand, a no-evidence motion for summary judgment "must state the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i). A no-evidence motion for summary judgment is legally insufficient as a matter of law if it is not specific in challenging a particular element or is conclusory. *See McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993); *Callaghan Ranch, Ltd. v. Killam,* 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied).

The Sanchezes assert that, to the extent Mulvaney's motion seeks a no-evidence summary judgment, it was insufficient because it failed to identify any elements of their causes of action upon which Mulvaney moved for summary judgment. Mulvaney contends his reply to the Sanchezes' response set out the elements of the Sanchezes' claims as to which there was no evidence. For the first time in his reply, Mulvaney specifically challenged the Sanchezes' causes of action under the Texas Construction Trust Fund Act, and for DTPA violations, breach of contract, conversion, and common law contribution and equitable subrogation. However, a movant may not use a reply brief to meet the specificity requirement or to assert new grounds for summary judgment. *Community Intitives, Inc. v. Chase Bank of Texas*, 153 S.W.3d 270, 280 (Tex. App.—El Paso 2004, no pet.); *see also Callaghan Ranch,* 53 S.W.3d at 4; *Sams v. N.L. Indus.,* 735 S.W.2d 486, 487-88 (Tex.

App.—Houston [1st Dist.] 1987, no writ). Therefore, we do not consider any arguments raised in Mulvaney's reply and we will consider only those grounds specifically raised in Mulvaney's motion for summary judgment in order to determine the basis on which he moved for judgment.

In his motion for summary judgment, Mulvaney argued all of the liability the Sanchezes sought to impose on him was related to or arose from the contract between Hypersonic and the Sanchezes; therefore, personal liability could be imposed on him only if the Sanchezes could pierce Hypersonic's corporate veil. Mulvaney argued the corporate veil could not be pierced because there was no evidence he committed any actual fraud or that he used Hypersonic as a sham to perpetrate a fraud. Mulvaney also argued that the Sanchezes could not impose individual liability on him based upon Hypersonic's forfeiture of its charter because all causes of action arose before Hypersonic forfeited its charter in December 2006. Mulvaney did not seek to establish his entitlement to a traditional summary judgment by arguing that there existed no genuine issue of material fact as to one or more essential elements of each of the Sanchezes' causes of action. Instead, he sought a no-evidence summary judgment only on the grounds that he was shielded from personal liability because there was no evidence of actual fraud on his part. Therefore, we construe Mulvaney's motion as seeking a no-evidence summary judgment, and we apply the appropriate standard of review.

A no-evidence summary judgment motion is improperly granted when the non-movant brings forth more than a scintilla of probative evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Gomez v. Tri City Cmty. Hosp., Ltd.*, 4 S.W.3d 281, 283 (Tex. App.—San Antonio 1999, no pet.). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v. Granada*

*Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists if the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

## BREACH OF CONTRACT CLAIM

There is no dispute that the only contract in this case is the one entered into between the Sanchezes and Hypersonic. In their petition, the Sanchezes alleged Hypersonic "and its individual owners" breached the construction contract because "[Hypersonic] . . . failed to perform numerous obligations under said contract." The Sanchezes sought recovery against Mulvaney and the other individual defendants "as a result of [Hypersonic's] forfeited status as a Texas Limited Liability Company." Thus, the Sanchezes sought to hold Mulvaney individually liable for *Hypersonic's* breach of its contractual obligations.

Generally, members are not individually liable for the debts of a limited liability company. *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Hypersonic is a limited liability corporation to which state law principles for piercing the corporate veil apply. *Id.* Therefore, the Sanchezes could hold Mulvaney individually liable for Hypersonic's alleged breach of its contractual obligations only to the extent they pierced the corporate veil. *See Willis v. Donnelly,* 199 S.W.3d 262, 271 (Tex. 2006). Accordingly, the burden shifted to the Sanchezes to bring forth more than a scintilla of probative evidence that raises a genuine issue of material fact on the issue of actual fraud on Mulvaney's part. In their response to Mulvaney's motion for summary judgment, the Sanchezes alleged only that section 171.252 of the Texas Tax Code applies exclusively to corporations, Hypersonic is a limited liability corporation, and, therefore, they "may seek recovery from [Mulvaney] for [Hypersonic's] breach of contract." The Sanchezes brought forth no evidence of fraud on Mulvaney's part that would entitle them to hold him individually liable for any breach by Hypersonic of its contractual obligations. Therefore,

the trial court properly rendered summary judgment in favor of Mulvaney on the Sanchezes' breach of contract claim.

## NON-CONTRACT CLAIMS

We believe Mulvaney's argument that liability could be imposed on him only if the Sanchezes pierced Hypersonic's corporate veil misconstrues the non-contract claims brought against him. In their petition, the Sanchezes alleged Mulvaney "intentionally or knowingly or with intent to defraud, directly or indirectly retained, used, disbursed, or otherwise diverted [construction payments] without first fully paying obligations then owed . . . to [Alamo]." The Sanchezes also alleged Mulvaney violated the DTPA by making certain misrepresentations, breaching certain warranties, and engaging in an unconscionable action or course of action. It is therefore clear that the Sanchezes sought to hold Mulvaney individually liable for his *own* allegedly tortious or fraudulent actions.

The issue of a defendant's liability in his individual capacity is distinct from that of his liability under an alter ego theory. A corporation's agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment. *See Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App.—Dallas 2004, pet. denied); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied). In an action seeking to hold an agent individually liable for his tortious or fraudulent acts, the corporate veil is not required to be pierced. *Gore*, 136 S.W.3d at 32; *Kingston v. Helm*, 82 S.W.3d 755, 761 (Tex. App.—Corpus Christi 2002, pet. denied). Therefore, the trial court erred in rendering summary judgment in favor of Mulvaney on the Sanchezes' non-contract claims on the grounds that the Sanchezes were required to pierce the corporate veil. *See Cimarron Hydrocarbons*, 143 S.W.3d at 564 ("Our review of [movant's]

summary judgment motion reveals he failed to show or even allege that no evidence exists to support one or more elements of [non-movant's] negligence, DTPA, and breach of warranty claims against [movant] *in his individual capacity*.") (emphasis added).

## CONCLUSION

We affirm the trial court's summary judgment in favor of Mulvaney on the Sanchezes' breach of contract claim and we reverse the summary judgment in all other respects and remand for further proceedings.

Sandee Bryan Marion, Justice