

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00178-CV

WALLY YAMMINE DBA BW CONSTRUCTION
APPELLANT

V.

WISE COUNTY AND BRIDGEPORT ISD
APPELLEES

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

The underlying case centers on property described in a sheriff's tax deed that was purchased at an allegedly void tax sale. Appellant Wally Yammine dba BW Construction, appearing pro se, appeals the summary judgment granted in favor of Appellees Wise County and Bridgeport ISD. Because Yammine no

---

[1]*See* Tex. R. App. P. 47.4.

longer owned the property in question at the time he filed suit and therefore lacked standing to pursue the relief set forth in the tax code, we will affirm.

## II. Factual and Procedural Background

Yammine purchased real property at a sheriff's sale and received a sheriff's tax deed covering "150.31 acres of land, more or less." A survey of the property later revealed that the property was 21.3 acres short of the 150.3 acres that Yammine had purportedly purchased. Yammine sold the "150.31 acres of land, more or less" to Hy Capital, LLC. Six months later, Yammine filed suit against Appellees for a "defect of acreage," requesting that the additional acreage be added, that Wise County pay the costs of the survey, and that he be awarded damages for the taxes he had paid for two years on the purported 150 acres.

Appellees answered with a general denial and included in their answer the affirmative defense of governmental immunity. Appellees later filed a plea to the jurisdiction, arguing that Yammine had failed to plead any waiver of governmental immunity and had failed to allege any facts that showed a waiver of governmental immunity. Appellees also filed a motion for summary judgment, arguing that Yammine was not entitled to the remedy for void or defective tax sales described in section 34.07 of the tax code because he had sold the property. Yammine did not file a response to Appellees' plea to the jurisdiction or to their motion for summary judgment.

2

The trial court held a hearing on Appellees' motion for summary judgment and ordered that Yammine take nothing against Appellees. The trial court did not specify the ground(s) upon which the summary judgment was granted. This appeal followed.

### III. SUMMARY JUDGMENT STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

### IV. OWNERSHIP REQUIRED FOR RELIEF UNDER TAX CODE

In his third issue, Yammine challenges whether his sale of the property to Hy Capital, LLC prevents him from obtaining the relief allowed for a void tax sale.

Texas Tax Code section 34.07(d) states,

3

In lieu of pursuing the subrogation rights provided by this section to which a purchaser is subrogated, a purchaser at a void tax sale or tax resale may elect to file an action against the taxing units to which proceeds of the sale were distributed to recover an amount from each taxing unit equal to the distribution of taxes, penalties, interest, and attorney's fees the taxing unit received. In a suit filed under this subsection, the purchaser may include a claim for, and is entitled to recover, any excess proceeds of the sale that remain on deposit in the registry of the court or, in the alternative, is entitled to have judgment against any party to whom the excess proceeds have been distributed. A purchaser who files a suit authorized by this subsection waives all rights of subrogation otherwise provided by this section. *This subsection applies only to an original purchaser at a tax sale or resale and only if that purchaser has not subsequently sold the property to another person.*

Tex. Tax Code Ann. § 34.07(d) (West 2008) (emphasis added).[2]

Here, Appellees attached to their motion for summary judgment a copy of the deed evidencing Yammine's sale of the property to Hy Capital, LLC. The deed is dated May 5, 2010. Yammine filed his original petition on November 2, 2010, stating that he had discovered that the acreage was incorrect *after* he sold the property. Reasonable jurors could not disregard this uncontradicted evidence that, prior to filing suit, Yammine had sold the property to another person.[3] Thus, Appellees conclusively negated at least one essential element of

---

[2]Although Yammine brought suit for breach of contract, his claim at trial was broadly construed by Appellees to be a claim under section 34.07(d) because of the relief he sought; his argument on appeal is similarly based on section 34.07(d).

[3]"Person" is defined in the Code Construction Act as including a corporation, an organization, a partnership, or any other legal entity. *See* Tex. Gov't Code Ann. § 311.005(2) (West 2005). To the extent that Yammine argues that he is one of the members of Hy Capital, LLC and thus remains an owner of the property, his argument fails because Hy Capital, LLC is a separate "person"

4

Yammine's cause of action.  *See* Tex. Tax Code Ann. § 34.07(d); *Fernandez*, 315 S.W.3d at 508; *see also* Tex. R. Civ. P. 166a(b), (c).  We overrule Yammine's third issue.[4]

## V. CONCLUSION

Having overruled the dispositive issue necessary to final disposition of this appeal, we affirm the trial court's summary judgment granted in favor of Appellees.  *See* Tex. R. App. P. 43.2(a), 47.1.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  May 10, 2012

---

under the Act.  *See id.*; *accord Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no pet.) (recognizing distinction between members and limited liability company in that generally members are not individually liable for the debts of a limited liability company).

[4]Because Yammine's third issue is dispositive, we need not address his first and second issues.  *See* Tex. R. App. P. 47.1 (stating that appellate court need address every issue necessary to final disposition of appeal).