02-11-178-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00178-CV

 

 


 
 
 Wally Yammine dba bw construction
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Wise County and Bridgeport ISD
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 271st
District Court OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          The
underlying case centers on property described in a sheriff’s tax deed that was
purchased at an allegedly void tax sale.  Appellant Wally Yammine dba BW
Construction, appearing pro se, appeals the summary judgment granted in favor
of Appellees Wise County and Bridgeport ISD.  Because Yammine no longer owned
the property in question at the time he filed suit and therefore lacked
standing to pursue the relief set forth in the tax code, we will affirm.

II.  Factual
and Procedural Background

          Yammine
purchased real property at a sheriff’s sale and received a sheriff’s tax deed
covering “150.31 acres of land, more or less.”  A survey of the property later revealed
that the property was 21.3 acres short of the 150.3 acres that Yammine had purportedly
purchased.  Yammine sold the “150.31 acres of land, more or less” to Hy
Capital, LLC.  Six months later, Yammine filed suit against Appellees for a
“defect of acreage,” requesting that the additional acreage be added, that Wise
County pay the costs of the survey, and that he be awarded damages for the
taxes he had paid for two years on the purported 150 acres. 

          Appellees
answered with a general denial and included in their answer the affirmative defense
of governmental immunity.  Appellees later filed a plea to the jurisdiction,
arguing that Yammine had failed to plead any waiver of governmental immunity
and had failed to allege any facts that showed a waiver of governmental
immunity.  Appellees also filed a motion for summary judgment, arguing that
Yammine was not entitled to the remedy for void or defective tax sales
described in section 34.07 of the tax code because he had sold the property.  Yammine
did not file a response to Appellees’ plea to the jurisdiction or to their motion
for summary judgment.

          The
trial court held a hearing on Appellees’ motion for summary judgment and
ordered that Yammine take nothing against Appellees.  The trial court did not
specify the ground(s) upon which the summary judgment was granted.  This appeal
followed.

III.  Summary Judgment Standard
of Review

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010), cert. denied, 131 S. Ct. 1017 (2011); see
Tex. R. Civ. P. 166a(b), (c).  

IV.  Ownership Required
for Relief Under Tax Code

          In
his third issue, Yammine challenges whether his sale of the property to Hy
Capital, LLC prevents him from obtaining the relief allowed for a void tax
sale. 

          Texas
Tax Code section 34.07(d) states,

In lieu of pursuing
the subrogation rights provided by this section to which a purchaser is
subrogated, a purchaser at a void tax sale or tax resale may elect to file an
action against the taxing units to which proceeds of the sale were distributed
to recover an amount from each taxing unit equal to the distribution of taxes,
penalties, interest, and attorney’s fees the taxing unit received.  In a suit
filed under this subsection, the purchaser may include a claim for, and is
entitled to recover, any excess proceeds of the sale that remain on deposit in
the registry of the court or, in the alternative, is entitled to have judgment
against any party to whom the excess proceeds have been distributed.  A
purchaser who files a suit authorized by this subsection waives all rights of
subrogation otherwise provided by this section.  This subsection applies
only to an original purchaser at a tax sale or resale and only if that purchaser
has not subsequently sold the property to another person.

Tex.
Tax Code Ann. § 34.07(d) (West 2008) (emphasis added).[2]

          Here,
Appellees attached to their motion for summary judgment a copy of the deed
evidencing Yammine’s sale of the property to Hy Capital, LLC.  The deed is
dated May 5, 2010.  Yammine filed his original petition on November 2, 2010,
stating that he had discovered that the acreage was incorrect after he
sold the property.  Reasonable jurors could not disregard this uncontradicted evidence
that, prior to filing suit, Yammine had sold the property to another person.[3] 
Thus, Appellees conclusively negated at least one essential element of
Yammine’s cause of action.  See Tex. Tax Code Ann. § 34.07(d); Fernandez,
315 S.W.3d at 508; see also Tex. R. Civ. P. 166a(b), (c).  We overrule
Yammine’s third issue.[4]

V.  Conclusion

          Having
overruled the dispositive issue necessary to final disposition of this appeal,
we affirm the trial court’s summary judgment granted in favor of Appellees.  See
Tex. R. App. P. 43.2(a), 47.1.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  May 10, 2012









[1]See Tex. R. App. P. 47.4.





[2]Although Yammine brought
suit for breach of contract, his claim at trial was broadly construed by
Appellees to be a claim under section 34.07(d) because of the relief he sought;
his argument on appeal is similarly based on section 34.07(d).





[3]“Person” is defined in the
Code Construction Act as including a corporation, an organization, a
partnership, or any other legal entity.  See Tex. Gov’t Code Ann. §
311.005(2) (West 2005).  To the extent that Yammine argues that he is one of
the members of Hy Capital, LLC and thus remains an owner of the property, his
argument fails because Hy Capital, LLC is a separate “person” under the Act.  See
id.; accord Sanchez v. Mulvaney, 274 S.W.3d 708, 712 (Tex. App.—San
Antonio 2008, no pet.) (recognizing distinction between members and limited
liability company in that generally members are not individually liable for the
debts of a limited liability company).





[4]Because Yammine’s third
issue is dispositive, we need not address his first and second issues.  See
Tex. R. App. P. 47.1 (stating that appellate court need address every issue
necessary to final disposition of appeal).