

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00231-CV

Michael **LOVE**,
Appellant

v.

The **GEO GROUP**, **INC.**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 10-08-00282CVF
Honorable Stella Saxon, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  March 27, 2013

AFFIRMED

Michael Love sued his former employer, The Geo Group, Inc., claiming he was unlawfully terminated for filing a worker's compensation claim. The trial court granted Geo Group's motion for no-evidence and traditional summary judgment, and dismissed Love's suit. On appeal, Love argues the trial court erred in granting summary judgment against him. We conclude Love produced no evidence on an essential element of his claim: a causal connection between the filing of his worker's compensation claim and his termination. We, therefore, affirm the trial court's judgment.

**BACKGROUND**

Geo Group operates private correctional and treatment facilities. In 2005, Geo Group hired Love to work as a detention officer in one of its facilities in Pearsall, Texas. Love's primary job responsibilities, as set forth in his job description, included supervising detainees, coordinating and monitoring detainee movements, and providing appropriate assistance to detainees in the event of injury, illness, or emotional trauma. On December 21, 2007, Love was injured while riding in a company van. Love obtained medical treatment for his injuries and was unable to work. In January 2008, Love filed a worker's compensation claim.

On February 17, 2008, Love returned to work. Upon returning to work, Love told his immediate supervisors about his restrictions, which included no lifting, no carrying, and no physical contact with detainees. Love was assigned the job of working the front lobby and the control pod area, a position that required no physical contact with detainees. Love worked this assignment for several months. A human resources representative then determined that, according to company policy, Love should have been placed in the temporary alternate position ("TAP") program as soon as he returned to work. The TAP program, which acknowledges an employee's working restrictions, is limited to ninety days. Love was placed in the TAP program on June 18, 2008. Love was told he was being placed in the TAP program and that the duration of the program was limited to ninety days. While in the TAP program, Love was assigned to back gate security.

On September 30, 2008, a human resources representative asked Love if he could return to work without restrictions. Love informed the representative that he could not work without restrictions. The human resources representative told Love his TAP assignment had expired and he was being placed on permanent worker's compensation leave. Love was asked to turn in his uniform, his identification card, and other work-related items. Love complied with this request

and did not return to work. Almost two years later, Love's physician completed a work status report stating Love still could not return to work "[d]ue to extremity weakness [that] could cause [him to] fall and further injury." Geo Group formally terminated Love's employment on September 7, 2010. The summary judgment evidence submitted by Geo Group included the affidavit of Geo Group's human resource generalist, Colleen Schultz, who stated, "My decision [to terminate Mr. Love] was based on the information I received from his physician and Mr. Love's inability to meet minimum job responsibilities and physical requirements of being a detention officer."

On August 18, 2010, Love filed the underlying suit. In his petition, Love alleged Geo Group "violated section 451.001 of the Texas Labor Code by discharging [him] because he initiated the filing of a worker's compensation claim in good faith, and by not reinstating him." Geo Group moved for no-evidence and traditional summary judgment. In its summary judgment motion, Geo Group asserted, among other things, that Love "has no evidence to show a causal link between his filing of a [worker's compensation] claim in January of 2008 and his placement on workers' compensation leave in September of 2008 or his termination in September of 2010," and therefore, "there is no material fact in dispute." Love filed a response and attached evidence to his response. The trial court granted the summary judgment motion and dismissed Love's suit. Love appealed.

## STANDARD OF REVIEW

When a movant files a no-evidence summary judgment motion, he must specifically challenge the evidentiary support for an element of a claim or defense. TEX. R. CIV. P. 166a(i) & cmt. (1997); *Flanagan v. Cenizo Invest. Ltd.*, No. 04-08-00590-CV, 2010 WL 2403722, at *4 (Tex. App.—San Antonio 2010, no pet.). Once a movant files a no-evidence summary judgment motion, the burden shifts to the non-movant to produce summary judgment evidence raising a

genuine issue of material fact on the challenged element of the claim or defense. TEX. R. CIV. P. 166a(i) & cmt. (1997); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When responding to a no-evidence summary judgment, the non-movant must specifically identify the supporting proof he seeks to have considered by the trial court. *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.); *Gonzales v. Shing Wai Brass and Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.). In determining whether the non-movant successfully carried his burden, neither the trial court nor the appellate court is required to wade through a voluminous record to marshal the non-movant's proof. *Arredondo*, 198 S.W.3d at 238 (citing *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989)).

A no-evidence summary judgment motion is properly granted when the non-movant fails to bring forth more than a scintilla of probative evidence that raises a genuine issue of material fact. *See Sanchez v. Mulvaney*, 274 S.W.3d 708, 711 (Tex. App.—San Antonio 2008, no pet.); TEX. R. CIV. P. 166a(i). More than a scintilla exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Sanchez*, 274 S.W.3d at 711. Less than a scintilla exists if the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not state the basis for its decision in its summary judgment order, as is the case here, we must affirm the summary judgment if any of the grounds advanced in the summary judgment motion are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). When reviewing a no-evidence summary judgment, we view the evidence in the light most favorable to the non-movant and disregard all

contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

**RETALIATORY DISCHARGE**

Section 451.001 of the Texas Labor Code provides that "[a] person may not discharge or in any other manner discriminate against an employee because the employee has…filed a workers' compensation claim in good faith." TEX. LABOR CODE ANN. 451.001(1) (West 2006). An element of a prima facie case for retaliatory discharge is a causal connection between the filing of a worker's compensation claim and the termination. *Cont'l Coffee Prod. Co. v. Casarez*, 937 S.W.2d 444, 450 (Tex. 1996). The burden of proof is on the employee to demonstrate a causal connection. TEX. LABOR CODE ANN. 451.002(c) (West 2006). However, the employee does not have to prove that his discharge was solely because of his worker's compensation claim. *Casarez*, 937 S.W.2d at 450.

A causal connection may be proved by circumstantial evidence and reasonable inferences from circumstantial evidence. *Id*. at 451. Circumstantial evidence sufficient to establish a causal connection between the filing of a worker's compensation claim and a termination includes: (1) knowledge of the worker's compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Id*. There is no requirement that evidence be presented on each and every category listed above. *See id*.; *City of Univ. Park v. Van Doren*, 65 S.W.3d 240, 250 (Tex. App.—Dallas 2001, pet. denied).

**APPLICATION**

Here, Geo Group asserted in its summary judgment motion that there was no evidence of a causal connection between the filing of Love's worker's compensation claim and his

termination. In his summary judgment response, Love asserted there was circumstantial evidence of a causal connection between the filing of his worker's compensation claim and his termination. In support of this assertion, Love cited the following evidence:

1. emails between human resource representatives and a claims analyst;

2. an injury report and a supplemental injury report;

3. Love's own deposition testimony;

4. the deposition testimony of a human resources representative;

5. Texas Worker's Compensation work status reports completed by Love's physician;

6. copies of TAP letters given to other employees.

The question before us is whether this evidence was sufficient to raise a material fact issue as to the existence of a causal connection between the filing of Love's worker's compensation claim and his termination.

On appeal, Love argues he produced evidence on each of the five categories that may be used to establish a causal connection. *See Casarez*, 937 S.W.2d at 451. Love produced evidence that Geo Group had knowledge of his worker's compensation claim prior to his termination. But the fact that the person making the termination decision has knowledge of the worker's compensation claim, standing alone, is not evidence sufficient to establish a causal connection. *Willis v. Nucor Corp.*, 282 S.W.3d 536, 546 (Tex. App.—Waco 2008, no pet.); *Garcia v. Allen*, 28 S.W.3d 587, 601 (Tex. App.—Corpus Christi 2000, pet. denied). Moreover, Love did not produce any evidence of probative value as to the remaining categories. *See Casarez*, 937 S.W.2d 451.

To be probative of retaliation, negative remarks must be made by an individual with authority over the employment decision at issue. *Wal-Mart Stores, Inc. v. Amos*, 79 S.W.3d 178, 187 (Tex. App.—Texarkana 2002, no pet.). Here, Love testified in his deposition that three of his

immediate supervisors would get "frustrated" and "upset" because he was unable to work in excess of eight hours. Typically, detention officers worked twelve-hour shifts. According to Love, these supervisors "would get very frustrated because they have to staff the facility" and expressed their negative attitudes. However, the evidence fails to show that any of these supervisors were involved in the decision to terminate Love. Instead, the evidence shows that Love's termination was initiated by a human resources representative and approved by corporate representatives. Love produced no evidence that the individuals actually involved in recommending and approving his termination ever expressed a negative attitude toward his injured condition. Accordingly, the evidence produced by Love does not demonstrate that his employer expressed a negative attitude toward his injured condition.

Next, as proof of his employer's failure to adhere to established company policies, Love points to the delay in placing him in the TAP program. Following his injury, Love returned to work in February 2008, but he was not placed in the TAP program until June 2008. Thus, Love was permitted to work in an alternative position for four months before he was placed in the TAP program. However, the delay in placing Love in the TAP program benefitted Love by providing him additional time in an alternative position. Such evidence is simply not probative of retaliation, and does not establish a causal connection between the filing of Love's worker's compensation claim and his termination.

In addition, the evidence cited by Love is not probative of discriminatory treatment in comparison to similarly situated employees. The summary judgment evidence indicated that employees who were placed in the TAP program received letters explaining the program.[1] The letter received by Love stated that his TAP position would not exceed ninety days but did not

---

[1]Geo Group's company policy explained its TAP program as follows: "A Temporary Alternative Position must not exceed 90 days without approval from the Corporate Claims Department."

state this time would be reviewed on an individual basis. Love produced seventy-nine letters sent to other Geo Group employees. These letters stated the TAP position is "available for 90 days[,] however, this time is reviewed on an individual basis." Love maintains the difference in the TAP letters demonstrates his discriminatory treatment in comparison to similarly situated employees. We disagree. To prove discriminatory treatment in comparison to similarly situated employees, Love was required to demonstrate that the circumstances of the other employees were nearly identical to his circumstances. *See Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 578 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The difference in the TAP letters falls short of demonstrating discriminatory treatment in comparison to other similarly situated employees.[2]

Finally, Love failed to produce evidence that the stated reason for his termination was false. Love and Geo Group disagree about Love's termination date. Love asserts he was terminated in September 2008 when he told a human resources representative that he could not return to work without restrictions, and she told him to turn in his uniform, his identification card, and other work items. Geo Group asserts Love was not terminated until September 7, 2010, when it informed Love he was terminated. Regardless of the exact termination date, the stated reason for Love's termination was the same: Love was unable to perform the essential functions of his position.

The only evidence cited by Love to show the falsity of this reason is the deposition of a human resources representative and a supplemental report of injury signed by the same representative. Neither the deposition nor the supplemental report is evidence that the stated reason for Love's termination was false. The deposition of the human resources representative merely explains what transpired when she met with Love in September 2008 and asked Love if

---

[2]Geo Group filed a written objection asserting that the evidence submitted by Love was incomplete and misleading. According to Geo Group, it produced numerous letters similar to Love's letter, but Love failed to attach the similar letters to his summary judgment response.

he could return to work without restrictions. The supplemental report of injury is a pre-printed form that appears to have been promulgated by the worker's compensation division. One of the questions asks, "Does the employer have return to work (RTW) opportunities available based on the worker's current capabilities?" The "Yes" box is checked. The form is signed by one of Geo Group's human resources representatives. Notwithstanding the existence of return to work opportunities, Love was unable to return to work without restrictions and he was unable to meet minimum job responsibilities and physical requirements of a detention officer position. *See Garcia*, 28 S.W.3d at 601 ("[A]n employer is permitted to terminate an employee who sustains a job-related injury if it ultimately appears that, due to the nature of the injury, the employee can no longer perform the essential functions of his position."). We conclude the evidence cited by Love to demonstrate the falsity of the stated reason for his termination is not probative of a causal connection between the filing of his worker's compensation claim and his termination.

We conclude Love failed to carry his burden to produce evidence of a causal connection between the filing of his worker's compensation claim and his termination. We, therefore, hold the trial court did not err in granting the summary judgment.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice