Opinion issued May 9, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00341-CV

————————————

**K-SOLV, LP, Appellant**

**V.**

**EDWARD J. MCDONALD AND ALAN D. PETERS, Appellees**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-61942**

---

## MEMORANDUM OPINION

After entry of a final judgment on all claims between all parties, K-Solv, LP appeals from a partial summary judgment granted in favor of defendants Edward McDonald and Alan Peters on a claim that they were vicariously liable for the

obligations of a limited liability company of which they were members. We affirm the trial court's ruling.

## Background

K-Solv, LP brought an action for breach of contract, quantum meruit, suit on a sworn account, and fraud against Energy America Geothermal, LLC. The fundamental factual allegation was that that Energy America ordered and received materials from K-Solv, but it failed to make payment. K-Solv subsequently amended its petition to join Energy America's individual members as defendants, asserting direct claims as well as claims based on vicarious liability for the obligations of Energy America.

Appellees Edward McDonald and Alan Peters were among the individual defendants joined in the suit, and they initially moved for a no-evidence summary judgment on all claims against them. This initial motion was granted with respect to the direct claims but denied with respect to vicarious liability. K-Solv subsequently nonsuited its breach of contract and quantum meruit claims against Energy America, and it voluntarily dismissed all claims against all of the individual defendants other than McDonald and Peters. The two individual defendants then filed another motion for summary judgment on the vicarious liability claim, which at that point was the only remaining claim against them. The trial court granted this second motion. Ultimately an agreed final judgment was

entered in favor of K-Solv on its suit on sworn account and fraud claims against Energy America—the only claims remaining in the case.

K-Solv appeals only the trial court's partial summary judgment dismissing its vicarious liability claim against McDonald and Peters.

## Analysis

We review a trial court's summary judgment ruling de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In conducting our review, we view the evidence in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When, as here, the trial court's summary-judgment order does not specify the grounds on which it was granted, we must affirm the order if any of the asserted grounds for summary judgment are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

On a motion for traditional summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant may

satisfy this burden by conclusively negating at least one essential element of each of the plaintiff's causes of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). On a motion for no-evidence summary judgment, the nonmovant has the burden to present evidence sufficient to raise a genuine issue of fact on each of its claims. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The nonmovant may satisfy this burden by presenting more than a scintilla of evidence on each challenged element of each cause of action on which it has the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see Mack Trucks*, 206 S.W.3d at 582.

McDonald and Peters assert, and K-Solv does not dispute, that applicable provisions of the Business Organizations Code govern the legal liability of a Texas limited liability company and its members, as disputed in this appeal.[1] The Code provides that an LLC member "may be named as a party in an action by or against

---

[1] *See* TEX. BUS. ORGS. CODE ANN. § 402.001(a)(1), (2) (West 2012). Under the Code as currently enacted, LLC-member liability is subject to the same statutory limitations and exceptions as corporate-shareholder liability. *See id.* § 101.002(a); *see also id.* §§ 21.223–.226. Section 101.002—the provision of the Code that extends its statutory limitations on corporate liability to LLC liability—took effect on September 1, 2011, after the trial court granted summary judgment on K-Solv's vicarious liability claim. *See* Act of April 20, 2011, 82nd Leg., R.S., ch. 25, § 2, 2011 Tex. Gen. Laws 45, 45. No party contends that section 101.002 applies to this appeal, and for purposes of this opinion we apply the law as it existed prior to section 101.002's effective date. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 547 (Tex. 2010).

4

the [LLC] only if the action is brought to enforce the member's right against or liability to the company." *See* TEX. BUS. ORGS. CODE ANN. § 101.113 (West 2012). Furthermore, "Except as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." *Id.* § 101.114. Based on these statutory provisions, the appellees contend the applicable version of the Code bars vicarious liability against LLC members, and common-law corporate-veil-piercing theories are not applicable to them. Alternatively, McDonald and Peters contend that even if common-law theories of vicarious liability apply to LLC members, K-Solv's claim against them fails because it cannot prove the necessary elements of "actual fraud" and a "direct personal benefit." *See id.* § 21.223(b).

K-Solv responds that despite these statutory provisions, Texas courts have nevertheless applied common-law veil-piercing theories in the LLC context, relying upon *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no pet.), and *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590–91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Nevertheless, K-Solv concedes in its brief that it must show actual fraud and a direct personal benefit to prevail on its vicarious liability claim against McDonald and Peters. In its briefing, K-Solv identifies the elements of a vicarious liability claim, stating that when the

5

"suit is based on or relates to a contract," the claimant must show that the defendant "perpetrated an actual fraud on the plaintiff primarily for the defendant's direct personal benefit." Although K-Solv asserted a variety of claims, all of them arise out of its purchase agreement with Energy America. K-Solv contends that there is a question of fact on the element of fraud, but in its appellant's brief it makes no argument with respect to the "direct personal benefit" element.

We agree that the common-law vicarious liability of McDonald and Peters for Energy America's obligation to K-Solv, if any, is contingent on a showing of actual fraud and direct personal benefit. *See Shook v. Walden*, 368 S.W.3d 604, 611–22 (Tex. App.—Austin 2012, pet. denied) (holding that, although section 21.223 did not apply to LLC veil-piercing claims under applicable law, the same policy judgments and balancing of interests compelled common-law application of actual fraud and direct personal benefit requirements); *Sanchez*, 274 S.W.3d at 712 (holding that trial court properly granted summary judgment on veil-piercing claim against LLC members when there was no evidence of actual fraud); *see also McCarthy*, 251 S.W.3d at 589–90 (affirming vicarious liability judgment against LLC member when evidence supported jury's finding that member used LLC to perpetrate actual fraud on claimant primarily for member's own direct personal benefit).

6

The summary-judgment motion at issue did not specify whether McDonald and Peters sought a traditional or no-evidence summary judgment, and the trial court's order granting the motion did not identify which rule it was applying. Substantively, the motion raised both evidentiary challenges and purely legal challenges. We thus treat the motion as both a traditional and no-evidence motion for summary judgment. *See, e.g.*, *Davis v. Canyon Creek Estates Homeowners Ass'n*, 350 S.W.3d 301, 307–08 (Tex. App.—San Antonio 2011, pet. denied); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied).

In their motion, McDonald and Peters asserted that K-Solv had no evidence of the "direct personal benefit" element of its vicarious liability claim:

> There is absolutely no evidence of any benefit McDonald or Peters might have derived from [Energy America's] Elyria project, which is the project for which the K-Solv material was used. And, according to *Rutherford* [*v. Atwood*, No. 01-00-00113-CV, 2003 WL 22053687, at *3–5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2003, no pet.) (mem. op.),] and like cases, the "direct personal benefit" must be something more than a salary draw or other expenses from the company. And any personal benefit must be direct, as opposed to indirect, and that the company was used primarily for the shareholder's benefit. There is absolutely no evidence of these elements.

On appeal, they re-assert this ground as supporting the trial court's summary judgment.

K-Solv responded to the motion on both traditional and no-evidence grounds. With respect to the element of "direct personal benefit," K-Solv asserted:

> [B]y not paying for the product [that Energy America ordered from K-Solv], McDonald and Peters were able to pay monies toward loan obligations personally guaranteed by them and pay the IRS 941 taxes which if not paid would have resulted in a 100% personal penalty on McDonald and Peters. These facts constitute a direct personal benefit to McDonald and Peters. *See* Bank Statements attached hereto as Exhibit H.

But the bank records attached as "Exhibit H" to K-Solv's response do not establish any connection between Energy America's transaction with K-Solv and its payment of debt or tax obligations. Even assuming that payment of LLC obligations such as these could constitute the kind of "direct personal benefit" necessary to hold the LLC's members vicariously liable for the LLC's contractual defaults, the absence of any evidence of a connection between these payments and Energy America's transaction with K-Solv is fatal. *See Menetti v. Chavers*, 974 S.W.2d 168, 175 (Tex. App.—San Antonio 1998, no pet.) (reversing judgment imposing individual liability on shareholders for corporate obligation and stating that "[e]vidence that the [defendants] bought their groceries or paid their credit card bills from the corporate account is insufficient, because the fraud must relate to the transaction at issue, the contract between the [defendants] and the [plaintiffs]"); *Rutherford*, 2003 WL 22053687, at *4–5 (explaining that alleged direct personal benefit to corporate actor must relate to alleged fraudulent

8

transaction to support vicarious liability); *cf. Simplified Dev. Corp. v. Garfield*, No. 14-06-00526-CV, 2008 WL 399433, at \*6 (Tex. App.—Houston [14th Dist.] Feb. 14, 2008, pet. denied) (mem. op.) (affirming jury finding of direct personal benefit to defendant when, among other things, evidence showed that fraudulent transfer of assets at issue in case was made in exchange for release from personal guaranty and other benefits).

Thus, the trial court correctly concluded that the summary-judgment record contained no evidence of an essential element of K-Solv's vicarious liability claim against McDonald and Peters—specifically, evidence that they perpetrated the alleged fraud against K-Solv primarily for their own direct personal benefit. *See Shook*, 368 S.W.3d at 622 (holding that trial court erred in rendering judgment against LLC member when there was no proof that the member "caused [the LLC] to be used to perpetrate actual fraud for his direct, personal benefit"); *see also Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 389 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Bates v. de Tournillon*, No. 07-03-0257-CV, 2006 WL 265474, at \*3 (Tex. App.—Amarillo Feb. 3, 2006, no pet.) (mem. op.).[2] Because McDonald and Peters presented the trial court with

---

[2] Because we conclude that the trial court's summary judgment is sustainable on this ground, we do not reach the issue of whether an LLC member may be held liable under pre-section-101.002 common law when evidence of actual fraud and direct personal benefit is present.

at least one meritorious ground for summary judgment, we must affirm the trial court's order. *See Urena*, 162 S.W.3d at 550.

## Conclusion

We hold that the trial court did not err in granting summary judgment in favor of McDonald and Peters on K-Solv's vicarious liability claim. We therefore affirm the trial court's judgment.

<div style="margin-left: 50%;">
Michael Massengale<br>
Justice
</div>

Panel consists of Justices Keyes, Massengale, and Brown.