

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00069-CV
_____

BRIAN HAMILTON, APPELLANT

V.

EL PASO NATURAL GAS COMPANY, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 099,835-00-E, Honorable Douglas Woodburn, Presiding

June 18, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Before us is an appeal from a final summary judgment confirming an arbitration award. Brian Hamilton had initiated suit to confirm "in part" and "vacate" or "[m]odify" in part the award. The latter happened to grant him damages (but no attorney's fees, prejudgment interest, and court costs) against El Paso Natural Gas (EPNG). It was the absence of any award for fees, costs, and prejudgment interest that Hamilton sought to attack via the suit in question.[1] Upon tendering its answer, EPNG filed its "Motion for

---

[1]Whether Hamilton may attack an award that he also seeks to enforce is not a matter before us.

No Evidence Summary Judgment," which motion the trial court granted. Hamilton appealed and urged six issues. We reverse.

According to the record before us, EPNG sought summary judgment because "Plaintiff ha[d] no evidence that any statutory ground exist[ed] under Tex. Civ. Proc. [sic] & Rem. Code § 171.088 or § 171.091 [*i.e.* the Texas Arbitration Act] to vacate, modify or correct the award." No other ground for relief was mentioned in the written motion. This is of import because Hamilton also contended, via his petition, that both "common law" and "Section 10(a) of the FAA [Federal Arbitration Act] . . . and Section 11 of the FAA" required modification of the arbitration award. So, EPNG's motion attacked only one basis upon which Hamilton sought relief. Nonetheless, in granting the motion, the trial judge ordered that he "take nothing on its claim in this action . . . ," that "all relief requested but not granted is denied" and that "[t]his judgment is final and that execution may issue to enforce the arbitration award." In other words, the court purported to adjudicate or reject Hamilton's common law and Federal Arbitration Act averments even though they were not encompassed by EPNG's request for a no-evidence summary judgment, and therein lies the problem.

A motion for summary judgment stands or falls upon the grounds asserted therein. *Hendrix v. Port Terminal R.R. Ass'n*, 196 S.W.3d 188, 201-02 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Consequently, a trial court may not grant summary judgment for a reason that the movant does not present to the trial court in writing. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Nor may it grant more relief than that to which the movant is entitled, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001), or adjudicate claims that the movant did not attack via his

2

motion. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001). If it does so, it errs. *Id.*; *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 204.

Here, EPNG attacked, via its motion, only those aspects of Hamilton's complaint founded upon sections 171.088 and 171.091 of the Texas Civil Practice and Remedies Code, *i.e.* the Texas Arbitration Act. Yet, in denying Hamilton all recovery, the trial court effectively utilized the summary judgment procedure to also reject allegations founded upon the Federal Arbitration Act and common law.[2] And, in doing so, it reversibly erred. Thus, we reverse the final judgment and remand the cause.


Brian Quinn
Chief Justice

---

[2]And, to the extent that one could read EPNG's brief replying to Hamilton's response to the motion for summary judgment as broaching the federal act and common law, that is of no consequence; this is so because a movant cannot assert additional or new grounds for summary judgment in a reply brief. *Sanchez v. Mulvaney,* 274 S.W.3d 708, 711 (Tex. App.–San Antonio 2008, no pet.).