

# NUMBER 13-20-00131-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AARON BENBOW,                                                              Appellant,

v.

MOHAMMAD AL-BARNAWI,                                              Appellee.

## On appeal from the County Court at Law No. 5
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides

Appellant Aaron Benbow, proceeding pro se, sued appellee Mohammad Al-Barnawi, alleging that he "[p]aid for auto repairs that were never performed" by Al-Barnawi's business, Auto Mechanic Service Plus, LLC (the LLC). Benbow contended that Al-Barnawi was personally liable under § 171.255 of the Texas Tax Code because the LLC's corporate privileges were forfeited at the time the wrongful conduct occurred. *See*

TEX. TAX CODE ANN. § 171.255.

Relying on our holding in *Williams v. Adams*, which stated that § 171.255 "does not apply to tort judgments predicated on negligence liability," the trial court characterized Benbow's claim as one for "negligent repair work" and concluded that § 171.255 did not apply to his claim. *See* 74 S.W.3d 437, 442 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). Consequently, the trial court found that regardless of the merits of Benbow's claim against the LLC, Al-Barnawi could not be held personally liable for the wrongful conduct of the LLC, and it entered a take nothing judgment in his favor.

In what we construe as a single issue, Benbow argues that the trial court misapplied § 171.255 because his claim sounds in fraud, an intentional tort, not negligence. We reverse and remand for a new trial.

## I.  BACKGROUND[1]

According to an open records request completed by the Texas Comptroller of Public Accounts, the LLC had its right to transact business in Texas forfeited on September 29, 2017, for failure to pay franchise taxes, and its corporate charter forfeited on February 2, 2018. Benbow alleges that he took his vehicle to the LLC in February of 2019 for the specific purpose of having the air conditioning evaporator core replaced. He

---

[1] Although the trial court conducted a bench trial, both parties indicated in their docketing statements that no reporter's record exists in this case; therefore, the appellate record only consists of the clerk's record. *See id.* R. 32.1(h), 34.1. Benbow's brief includes representations that are not supported by the appellate record. He also attached a document to his brief that is not part of the appellate record. Because our review is limited to the contents of the appellate record, we do not consider these representations or the document in our analysis. *See id.* R. 38.1(g), (i) (requiring appellant's statement of facts and argument to be supported by appropriate record references); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006); *Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.). However, for the limited purpose of providing context to our analysis, we have included some of this information in the background.

paid the LLC $1,075 to replace the part and $760 to perform additional repairs recommended by the LLC. After problems persisted with his vehicle, Benbow took it to a dealership. A mechanic at the dealership told Benbow that the evaporator core had not been replaced and that the other work performed by the LLC was unnecessary.

Benbow claims that Al-Barnawi is the sole member-manager of the LLC and is actively engaged in the day-to-day operations of the business. He filed a small claims suit against Al-Barnawi, alleging that he "[p]aid for auto repairs that were never performed" by the LLC. On September 17, 2019, after a trial on the merits, the justice of the peace court rendered a judgment in favor of Benbow and awarded him $3,500 in damages. The LLC had its corporate charter reinstated on September 29, 2019, and thereafter Al-Barnawi appealed the judgment to a county court at law for a trial de novo.

The county court held a trial on the merits and rendered a take nothing judgment in favor of Al-Barnawi. The trial court's judgment includes findings of fact and conclusions of law, and no separate findings and conclusions were subsequently made by the court. The court found that Benbow engaged the LLC to perform the repair work; an employee of the LLC, not Al-Barnawi, performed the repair work; the LLC invoiced Benbow; and Benbow paid the LLC. Based on these findings, the court concluded that "the entity that is subject to any liability for the negligent repair work that is being alleged by [Benbow] is [the LLC]."

The trial court further concluded that Benbow could not hold Al-Barnawi personally liable for the wrongful conduct of the LLC under § 171.255 because the statute does not apply to unintentional torts, and Benbow's claim was "for negligent repair work." The

judgment also explicitly states that the court "does not express an opinion as to whether [Benbow] has a winning or a losing claim against [the] LLC." This appeal ensued.

## II. STANDARD OF REVIEW

The trial court determined that Al-Barnawi was entitled to a judgment as a matter of law because Benbow's claim was not a corporate "debt" of the LLC under § 171.255. We review questions of law, including statutory construction, de novo. *City of Port Isabel v. Pinnell*, 207 S.W.3d 394, 402 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002)).

Appellate courts construe pro se pleadings and briefs liberally but hold pro se litigants to the same standards as licensed attorneys, requiring them to comply with applicable laws and rules of procedure. *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied). Moreover, when reviewing the sufficiency of a pleading, appellate courts generally construe the pleading liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual allegations in the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (plea to the jurisdiction); *Wooley v. Schaffer*, 447 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (Rule 91a motion).

## III. APPLICABLE LAW

"Generally, members are not personally liable for the debts of a limited liability company." *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no pet.) (citing *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). This shield from personal liability is based on a

4

presumption of legal separateness that exists between an LLC and its members. *Julka v. U.S. Bank Nat'l Ass'n*, 516 S.W.3d 84, 88 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Section 171.255(a) of the tax code provides an exception to that rule:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

TEX. TAX. CODE ANN. § 171.255(a). The statute is penal in nature and is intended to hold those directors and officers liable who "have abused the corporate privilege by continuing to create and incur debts after the franchise tax is delinquent." *Rossmann v. Bishop Colorado Retail Plaza, L.P.*, 455 S.W.3d 797, 802 (Tex. App.—Dallas 2015 pet. denied) (quoting *PACCAR Fin. Corp. v. Potter*, 239 S.W.3d 879, 883 (Tex. App.—Dallas 2007, no pet.)).

However, § 171.255(c) contains a safe harbor provision for unwitting directors and officers:

> A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:
>
>> (1) over the director's objection; or
>>
>> (2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

TEX. TAX. CODE ANN. § 171.255(c). Because the safe harbor provision turns on the director or officer's knowledge or consent, we have previously concluded that corporate "debt" does not include liability for unintentional torts. *Adams*, 74 S.W.3d at 141–42. Therefore, § 171.255(a) does not create personal liability for "tort judgments predicated

5

on negligence liability." *Id.* at 142.

## IV.  ANALYSIS

We agree with Benbow that the trial court misapplied § 171.255 to his claim. First, the trial court mischaracterized his claim as one for "negligent repair work." Benbow did not allege that the repairs were negligently performed; instead, he alleged that he "[p]aid for auto repairs that were never performed." Construing his pleading liberally in his favor and looking to his intent, Benbow clearly alleged that he was defrauded—based on the LLC's knowing misrepresentations, he paid the company for repairs that it never performed in the first instance. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (listing elements of fraud).

Fraud is an intentional tort. *See LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas 2012, no pet.) (holding appellant's claim for fraud was excepted from Texas Tort Claims Act because fraud is an intentional tort); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 779 (Tex. App.—Fort Worth 2007, pet. denied) (same); *Gen. Elec. Co. v. City of Abilene*, 795 S.W.2d 311, 313 (Tex. App.—Eastland 1990, no writ) (same). Therefore, the trial court's reliance on our opinion in *Adams* was misguided. *See* 74 S.W.3d at 141–42.

To the contrary, our analysis in *Adams* leads us to the conclusion that a corporate "debt" under § 171.255 includes liability for fraud claims because, unlike a negligence claim, fraudulent conduct is intentional. *See id.* At least one of our sister courts has reached the same conclusion, *see Skrepnek v. Shearson Lehman Bros., Inc.*, 889 S.W.2d

6

578, 581–82 (Tex. App.—Houston [14th Dist.] 1994, no writ.), and § 171.255 has also been used to impose personal liability on a corporate officer for a breach of contract claim against the corporation. *See Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 134–35 (Tex. App.—Fort Worth 2016, no pet.). So, although a corporate director or officer may invoke and ultimately prevail under the safe harbor provision, a plaintiff is not categorically excluded as a matter of law from pursuing personal liability against a director or officer for fraudulent conduct by the corporation or its employees under § 171.255(a). Because the trial court concluded otherwise, we sustain Benbow's sole issue.

## V. CONCLUSION

We reverse and remand for a new trial.

GINA M. BENAVIDES
Justice

Delivered and filed on the
12th day of August, 2021.

7