# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00821-CV

**Erik Christensen, Appellant**

**v.**

**Coursetrends, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-10-001332, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In one point of error, appellant Erik Christensen contends that the trial court erred in granting traditional and no-evidence summary judgment on his breach of contract claim against appellee Coursetrends, Inc.  For the following reasons, we affirm.

## BACKGROUND

Christensen, an at-will employee with an employment contract, worked for Coursetrends from July 2007 to February 2010.  Christensen sued Coursetrends in April 2010, asserting fraud and breach of contract claims and requesting, among other relief, exemplary damages. As to his breach of contract claim, he alleged that Coursetrends' owner Alan Stalcup agreed to pay him 15% of increased profits for the year 2009 as compared to 2008 as an incentive bonus.

According to Christensen, the bonus was to be based on the increased profits from Coursetrends and two other companies owned by Stalcup, and Coursetrends only partially performed the agreement.[1]

Coursetrends moved for summary judgment on all claims brought by Christensen on traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a(c), (i). In the no-evidence portion of the motion, Coursetrends challenged the elements of Christensen's breach of contract claim. In the traditional portion of the motion, Coursetrends asserted the following grounds as to Christensen's breach of contract claim: (i) the contract was illusory and void for want of consideration; (ii) Christensen could not allege oral contract terms that conflicted with the written performance review; (iii) the alleged contract did not contain all of the essential terms, namely the source of the payment; and (iv) Christensen could not recover damages from entities that were not parties to the case. Coursetrends also asserted as to all of Christensen's claims that proof of damages required expert testimony and Christensen had not designated an expert. Coursetrends attached evidence to its motion, including Christensen's performance review dated March 11, 2009.

Christensen filed a response to the motion and attached exhibits to his motion, including an affidavit by Christensen. After a hearing, the trial court granted Coursetrends' motion without specifying the basis for its ruling. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If the trial court does not specify the grounds for its

---

[1] Christensen also sued Alan Stalcup but non-suited his claims against Stalcup without prejudice. Thus, Stalcup is not a party on appeal.

summary judgment, we must affirm the summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

To prevail on a traditional motion for summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or must conclusively establish each element of an affirmative defense. Tex. R. Civ. P. 166a(c); *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). A movant seeking a no-evidence summary judgment must assert that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact" on the challenged elements. *Id*.; *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

When a party moves for traditional and no-evidence summary judgment, we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

## DISCUSSION

**Fraud Claim and Exemplary Damages**

On appeal, Christensen does not challenge the portion of the summary judgment on his fraud claim and request for exemplary damages. Thus, we must affirm those portions of the judgment. *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) ("[A]bsent

3

fundamental error, an appellate court should refrain from deciding cases on legal errors not assigned by the parties."); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) ("It is error for a court of appeals to consider unassigned points of error."); *Montes v. Pendergrass*, 61 S.W.3d 505, 508 (Tex. App.—San Antonio 2001, no pet.) (upholding summary judgment in favor of defendant because plaintiff did not assert point of error as to ground raised by defendant in motion for summary judgment and noting that appellate courts generally cannot reverse trial court judgment without properly assigned error).

**Breach of Contract Claim**

In his point of error, Christensen attacks the grounds that Coursetrends raised in its motion for summary judgment on Christensen's breach of contract claim. Because the trial court did not specify the basis for its ruling, Christensen must show that none of these grounds was meritorious. *See Knott*, 128 S.W.3d at 216. We begin with the no-evidence ground, which is dispositive. *Merriman*, 407 S.W.3d at 248; *Knott*, 128 S.W.3d at 216.

Christensen asserts that Coursetrends' no-evidence motion on his breach of contract claim should have been denied based on Christensen's affidavit and the performance review. Coursetrends responds that Christensen cannot rely on his affidavit and the performance review on appeal because his response to the no-evidence motion was limited to a general objection. In the section of his response addressing the no-evidence motion, Christensen argued in total:

> Plaintiff hereby objects to the motion because it does not clearly state which elements of Plaintiff's claims that Defendants are asserting Plaintiff has no evidence. A no-evidence motion must be specific in challenging the evidentiary support for an element of a claim. See TRCP 166a(i), Notes & Comments. The rule does not allow

"conclusory motions or general no-evidence challenges to an opponents case." *Id.*; *see also Abraham v. Ryland Mtg. Co.*, 995 S.W.2d 890, 892 (Tex. App.—El Paso 1999). As such, Plaintiff objects to the motion in its entirety.[**2**]

Coursetrends argues that Christensen is limited on appeal to this objection and, because he did not raise this objection on appeal, we must affirm the trial court's judgment on no-evidence grounds. We agree.

In his response to Coursetrends' motion for summary judgment, Christensen referred the court to "all pleadings on file at the time of the hearing" and the affidavit of Christensen, but the portion of the response addressing the no-evidence motion did not address or provide any analysis to direct the trial court to the particular evidence relied on by Christensen to create fact issues as to the elements of his breach of contract claim. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("The written answer or response to the motion [for summary judgment] must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion."); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (holding that non-movant who did not "cite, quote, or otherwise point out to the trial court testimony she relied on to create a fact issue" failed to carry her burden to defeat no-evidence summary judgment); *see also Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.) ("[W]hen presenting summary-judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court.").

---

**2** Although Christensen says this, Coursetrends' motion for no-evidence summary judgment specifically listed elements of Christensen's breach of contract claim. *See* Tex. R. Civ. P. 166a(i).

In his briefing on appeal, Christensen provides analysis of the summary judgment evidence that he contends creates genuine issues of material fact as to the elements of his breach of contract claim, but we may not reverse the trial court's summary judgment on an issue not expressly presented to the trial court. *See* Tex. R. Civ. P. 166a(c) ("Issue not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 105–07 (Tex. App.—Dallas 2009, pet. denied) (applying Rule 166a(c) and holding appellant could not raise on appeal arguments not made in its response to motion for summary judgment); *see also* Tex. R. App. P. 33.1 (preservation of error prerequisite to presenting complaint on appeal); *Anderton v. Cawley*, 378 S.W.3d 38, 56 (Tex. App.—Dallas 2012, no pet.) (noting that arguments on appeal did not comport with response to motion for no-evidence summary judgment and concluding that appellants failed to preserve argument for appeal because they did not include argument in response to trial court).

Thus, we conclude that Christensen failed to carry his burden to defeat the no-evidence summary judgment. *See* Tex. R. Civ. P. 166a(i) (respondent's burden to present some evidence raising genuine issue of material fact on challenged elements). Because we conclude that Coursetrends' no-evidence ground was meritorious, we need not address Christensen's challenges to the other grounds raised in Coursetrends' summary judgment motion. *See Knott*, 128 S.W.3d at 216.

## CONCLUSION

For these reasons, we affirm.

6

_____

                              Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   September 3, 2014

7